AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Matthew Ryan Miller | ) | Case No. 21-mj-145 (ZMF) |
| | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

❒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

❒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

❒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

❒ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

❒ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

❒ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

❒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

❒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

❒ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

### Part III - Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
❒ Subject to lengthy period of incarceration if convicted
❒ Prior criminal history
❒ Participation in criminal activity while on probation, parole, or supervision

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

- ❐ History of violence or use of weapons
- ❐ History of alcohol or substance abuse
- ❐ Lack of stable employment
- ❐ Lack of stable residence
- ❐ Lack of financially responsible sureties
- ❐ Lack of significant community or family ties to this district
- ❐ Significant family or other ties outside the United States
- ❐ Lack of legal status in the United States
- ❐ Subject to removal or deportation after serving any period of incarceration
- ❐ Prior failure to appear in court as ordered
- ❐ Prior attempt(s) to evade law enforcement
- ❐ Use of alias(es) or false documents
- ❐ Background information unknown or unverified
- ❐ Prior violations of probation, parole, or supervised release

## C. OTHER REASONS OR FURTHER EXPLANATION:

The defendant's evidence/arguments for release:

Mr. Miller concurred with Pre-Trial Services recommendations for release. He further argued for his release due to the nature of the alleged crimes, a lack of criminal history, and possible misidentification of the defendant. Mr. Miller emphasized that the government has only charged him with minor property offenses. Mr. Miller did not throw or strike anyone with the fire extinguisher and there is no evidence to suggest that the alleged discharge of the fire extinguisher caused any harm or significant injury to anyone involved, including law enforcement. Mr. Miller further mentioned a lack of sufficient evidence to positively identify the individual in the Government's " Image 1", which displays the discharge of a fire extinguisher, as himself. Mr. Miler also pointed out that he has no prior criminal history and was gainfully employed until five days ago when he was fired due to the pending charges. Mr. Miller argued that he will adhere to the pre-trial release conditions.

Nature and circumstances of offense(s):

Due to his unlawful and disorderly behavior at the U.S. Capitol Grounds and Building, Mr. Miller is charged with two felonies of unlawful entry and disorderly conduct with a dangerous weapon and additional misdemeanors for associated conduct. Mr. Miller entered into a restricted area and subsequently entered a restricted government building while in possession of a dangerous weapon. In an attempt to storm the Capitol, Mr.Miller deployed a fire extinguisher in the direction of law enforcement. The unlawful intrusion into a restricted government building is a serious offense, and Mr. Miller's possession of a dangerous weapon only exacerbates this seriousness. The Court considers Mr. Miller's behavior an extremely serious offense due to the fact that the intent of the intrusion was to violently stop the lawful progression of our democracy and hinder the process by which the nation's presidential election results are finalized. Given the serious nature of Mr. Miller's offense, this factor weighs in favor of detention.

The strength of the government's evidence:

Here the government's evidence is strong and weighs in favor of detention. The government has screen captures from Mr. Miller's social media postings of Mr. Miller's clothing on the day of the incident. Images further show an individual with the same distinct clothing deploying a fire extinguisher into one of the entrances of the capitol building and utilizing temporary barriers to scale the walls of the building. A source familiar with Mr. Miller for many years identified him in many of these photographs taken during the riot.

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

**The defendant's history and characteristics, including criminal history:**

Mr. Miller has no significant criminal history and no prior arrests to note. This incident is Mr.Miller's only activity of its kind that he has participated in. Prior to this incident, Mr. Miller was gainfully employed but has since lost his job due to his involvement in this action. For these reasons alone, this factor weighs against detention.

**The defendant's dangerousness/risk of flight:**

The Court finds that the deployment of a fire extinguisher, and its associated chemicals in the direction of law enforcement troubling and extremely dangerous. At the time of deployment, the chemicals were directed toward an area where law enforcement officers stood waiting and could have been harmed. Mr. Miller's false beliefs regarding the illegitimacy of the current government lead the Court to believe that there are no conditions or combination of conditions that could prevent Mr. Miller from behaving in a similar manner or engaging in another insurrection of this kind. The nature of this incident adequately shows Mr. Miller's dangerousness to the broader community and potential threat to the orderly function of our government, thus detention is warranted.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 01/29/2021

2021.01.29 09:04:48 -05'00'

United States Magistrate Judge